UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENT M. SCHOEN,                )
                               )
          Plaintiff,           )
                               )
     vs.                       )     CAUSE NO. 3:18-CV-295 PPS-MGG
                               )
DR. CHRISTOPHER HALL,          )
DR. JAMES TIEMAN, and          )
JULIE LAWSON,                  )
                               )
          Defendants.          )

OPINION AND ORDER

Kent M. Schoen, a prisoner without a lawyer, filed an unsigned complaint alleging that he may die at any time if he does not receive the operation recommended by his gastroenterologist. Federal Rule of Civil Procedure 11(a) requires that the complaint be signed. However, given the imminent danger alleged, I will order the defendants to respond while simultaneously ordering Schoen to file a signed complaint.

A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Schoen is a pre-trial detainee at the St. Joseph County Jail. He alleges the defendants cancelled the surgery scheduled by his gastroenterologist. He alleges that without surgery, he will die when his pancreas fails. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims).

A mere disagreement with medical professionals about the best course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (*quoting Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). However, this complaint alleges more than a mere disagreement. Thus, these allegations state a claim for both compensatory damages and injunctive relief.

Schoen wants the surgery his gastroenterologist recommended. However, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care

2

[nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Moreover, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – would be limited to requiring the defendants to provide Schoen with adequate medical care as required by the Constitution.

For these reasons, the court:

(1) DIRECTS the clerk to send Kent M. Schoen a copy of the complaint;

(2) GRANTS Kent M. Schoen until **May 10, 2018**, to file a signed copy of the complaint;

(3) CAUTIONS Kent M. Schoen if he does not file a signed complaint by the deadline, this case will be dismissed without further notice;

(4) GRANTS Kent M. Schoen leave to proceed against Dr. Christopher Hall, Dr. James Tieman, and Julie Lawson in their individual capacities for compensatory damages for denying him medical treatment for his pancreas in violation of the Fourteenth Amendment;

(5) GRANTS Kent M. Schoen leave to proceed against Dr. Christopher Hall, Dr. James Tieman, and Julie Lawson in their official capacities for injunctive relief to obtain

medical treatment for his pancreas as required by the Fourteenth Amendment;

(6) DISMISSES all other claims;

(7) DIRECTS the United States Marshals Service to PERSONALLY SERVE Dr. Christopher Hall, Dr. James Tieman, and Julie Lawson by **May 2, 2018**, with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Christopher Hall, Dr. James Tieman, and Julie Lawson to file a joint report with the court by **May 10 , 2018**, explaining Kent M. Schoen's medical condition, prognosis, and how his pancreas is being treated; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Christopher Hall, Dr. James Tieman, and Julie Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 26, 2018.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT